IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SI VAN DANG, | No. CIV S-05-2157-LKK-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| SCOTT M. KERNAN, | |
| Respondent. | |
| _____/ | |

      Petitioner, a state prisoner proceeding with retained counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 19), filed on December 14, 2005. Petitioner filed an opposition on February 13, 2006 (Doc. 25), and the matter came on for hearing before the undersigned on March 15, 2006, in Redding California. Counsel for both parties appeared telephonically and, after hearing argument, the matter was submitted.

      Respondent's motion to dismiss is also styled as his answer to the petition. Similarly, petitioner's opposition is also styled as his traverse. This case, therefore, is also ready for a decision on the merits of petitioner's claims. Because respondent argues lack of exhaustion as a basis for dismissal, issues of comity are concerned. In particular, the ultimate resolution of

the exhaustion issue raised in respondent's motion to dismiss may impact the timing of this court's resolution of the merits of petitioner's claims.  While the court expresses no opinion at this time on the question, the possibility exists that this case may be appropriate for a stay pending exhaustion in state court.  In light of this concern, the court finds it appropriate to address only respondent's exhaustion argument for dismissal, and to leave the merits for later consideration.

## I.  BACKGROUND

Petitioner was charged with murder, attempted murder, use of a firearm by a principal, infliction of great bodily injury, and receiving stolen property.  Petitioner initially pleaded not guilty to all charges.  After petitioner's trial began, he entered a plea of nolo contendere to the charge of receiving stolen property.  The remaining charges proceeded to trial and petitioner was found guilty.  Co-defendants Nhat Minh Nguyen, Len Nguyen, and Kiet Tran were also convicted of murder and attempted murder.  Petitioner was sentenced to concurrent determinate terms totaling 19 years, plus a consecutive indeterminate term of 25 years to life.  Each co-defendant was sentenced to 25 years to life.

Petitioner, through appointed appellate counsel, appealed his conviction to the California Court of Appeal.  Petitioner did not raise any claim on direct appeal based on <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), or coordinate state law.  The California Court of Appeal affirmed petitioner's conviction and sentence and the California Supreme Court denied review.

Petitioner then sought habeas corpus relief in the San Joaquin County Superior Court.  For the first time, petitioner directly raised a <u>Batson</u> claim.  Petitioner also alleged that his appointed appellate counsel was ineffective for raising a <u>Batson</u> claim on direct appeal.  The

/ / /

/ / /

/ / /

Superior Court characterized petitioner's claims as follows:

> Petitioner asserts two grounds in support of his habeas corpus petition:
>
> 1) Trial court allowed the prosecutor to use his peremptory challenges impermissibly so that the impaneled jury did not represent a cross-section of the community . . .
>
> 2) Appellate counsel failed to raise the above issue on appeal and so, Petitioner was denied effective assistance of counsel.

The court rejected the first claim because it could have been raised on direct appeal. The court then considered whether appellate counsel was ineffective for failing to raise the Batson issue on direct appeal. After citing relevant state law, the court rejected petitioner's claim of ineffective assistance of counsel:

> In light of the substantial evidence presented during the trial which supports the conviction, this court cannot say that a different result would have resulted but for appellate counsel's failure to appeal the trial court's denial of the motion to quash the jury. That was a tactical and reasonable decision on appellate counsel's part and as such, it is afforded substantial deference.

The California Court of Appeal also denied habeas corpus relief, stating only: "Both the petition and the amended petition for writ of habeas corpus are denied." The California Supreme Court summarily denied review and the instant petition followed.[1]

---

[1] The three co-defendants have also filed habeas corpus petitions in this court. The status of those three cases is briefly summarized as follows:

1. Tran v. Sullivan, No. CIV S-04-1840-MCE-DAD-P
   Petitioner is proceeding pro se. The case stands submitted on the merits.

2. Nguyen v. Kane, No. CIV S-04-1829-GEB-JFM-P
   Petitioner is proceeding pro se. The case stands submitted on the merits.

3. Nguyen v. Knowles, No. CIV S-03-2381-MCE-GGH-P
   Petitioner is proceeding with appointed counsel. The case is stayed pending exhaustion in state court.

Counsel represented that none of these cases raise an ineffective assistance of counsel claim based on failure to argue Batson on direct appeal. Therefore, it does not appear appropriate to either consolidate or relate these cases with the instant case, or each other.

## II. DISCUSSION

In his motion to dismiss, respondent argues that the instant federal petition is "mixed" in that it contains both exhausted and unexhausted claims and, as such, must be dismissed. Specifically, respondent asserts that petitioner's current claim of ineffective assistance of state appellate counsel is not factually exhausted.[2] In its entirety, respondent's exhaustion argument is as follows:

> Petitioner now claims that his appellate counsel incompetently failed to raise a claim that the trial prosecutor's dismissal of Black and Hispanic venirepersons created a prima facie case of discriminatory racial bias under Batson. Petitioner's habeas claims before the California courts included nothing about the allegedly improper exclusion of Black venirepersons. As noted above, Petitioner's collateral challenges before the state courts all rested on the claim that Asians and Hispanics were improperly dismissed. Accordingly, Petitioner's present claim is substantively different from the ones raised in the state courts.

Respondent's argument is unpersuasive. Petitioner cites Miller-El v. Dretke, 125 S.Ct. 2317 (2005), for the proposition that there is a difference between the evidence that must be presented to the state courts for a habeas claim to be properly considered by federal courts, and theories about that evidence. This observation is pertinent in this case. In Batson, the United States Supreme Court held that a prosecutor is prohibited from exercising peremptory challenges to strike a venireperson on the basis of race. A prima facie Batson claim is established by showing that a peremptory challenge was exercised against a member of a constitutionally cognizable group and that an inference has been raised that the peremptory challenge was exercised because of membership in the cognizable group. See United States v. DeGross, 960 F.2d 1433, 1442 (9th Cir. 1982) (en banc). Any constitutionally cognizable group will suffice. Therefore, evidence about which constitutionally cognizable group the venireperson belongs is simply not relevant to determining whether a challenge was in fact exercised because

---

[2] Respondent also argues that the claim should be denied as procedurally defaulted and on the merits. The court defers decision on those and other merits issues for a later date, addressing for now only respondent's exhaustion argument.

4

of membership in a constitutionally cognizable group.  For this reason, the court cannot see how a Batson claim referencing Black and Hispanic venirepersons is any different than a claim referencing Asian and Hispanic venirepersons.

Moreover, respondent's argument is even less persuasive given that the state court claim and federal habeas claim respondent asks the court to compare are ineffective assistance of counsel claims – not direct Batson claims.  In the state court, petitioner argued ineffective assistance of counsel because appellate counsel did not raise a Batson argument on direct appeal.  Here, petitioner argues that his appellate counsel was ineffective for failing to raise a Batson argument on direct appeal.  Again, whether the un-argued Batson claim would have been based on peremptory challenges to Black and Hispanic venirepersons or Asian and Hispanic venirepersons, is neither here nor there.  The claim is ineffective assistance of counsel, which involves a legal standard that has nothing to do with race.

Finally, respondent's argument is least persuasive in light of the state court's rationale for denying petitioner's ineffective assistance of counsel claim.  Specifically, the state court reasoned that there was no ineffective assistance of counsel because, given all the evidence of petitioner's guilt, there could be no prejudice even if counsel should have raised the Batson issue.  Additionally, the state court concluded that the decision not to raise the Batson issue was tactical and, therefore, subject to deference.

In sum, the court finds that the thrust of petitioner's state habeas claim was that he received ineffective assistance of appellate counsel for failing to raise a claim under Batson.  It is clear that the state court had all the facts it needed in order to render a decision on that claim.  Further, the court finds that the instant federal claim is the same – that petitioner received ineffective assistance of appellate counsel because he did not argue Batson on direct appeal.  These claims are not substantively different.  Any discrepancy in the races referred to does not fundamentally alter the legal claim.  The claim is factually exhausted.

/ / /

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss be denied; and

2. This matter be referred back to the undersigned for issuance of findings and recommendations on the merits.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 15, 2006.

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE